UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.:

MICHAEL PRICE,

    Plaintiff,

v.

JP MORGAN CHASE BANK,

    Defendant.

_____/

COMPLAINT

DEMAND FOR JURY TRIAL

## COMPLAINT

Plaintiff, Michael Price ("Plaintiff"), by and through counsel, files this Complaint against Defendant JP Morgan Chase Bank ("Defendant"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. § 1331.

2. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

### DEMAND FOR JURY TRIAL

3. Plaintiff, respectfully, demands a trial by jury on all counts and issues

so triable.

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Sarasota County, Florida.

5. Defendant is a financial institution and a "person" as defined by FCRA, 15 USC §1681a(b).

## GENERAL ALLEGATIONS

6. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

7. Section 1681s-2(b) imposes a second category of duties on furnishers of information.

8. This obligation is triggered upon "notice of dispute"-- that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. *See* § 1681i(a)(2) (requiring CRA's promptly to provide such notification containing all relevant information about the consumer's

dispute). Subsection 1681s-2(b) provides that, after receiving a notice of dispute, the furnisher shall:

> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2)...;
>
> (C) report the results of the investigation to the [CRA];
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information...; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph(1)...(i)modify... (ii)delete [or] (iii)permanently block the reporting of that item of information [to the CRAs].

9. Any furnisher who negligently fails to comply with any of its investigation duties is liable to the consumer for actual damages, the costs of litigation, and attorney fees. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages up to $1000, for punitive damages, as well as for costs and attorney fees.

## Background

10. Plaintiff noticed an inaccurate account on Plaintiff's credit report.

11. The inaccurate and/or derogatory information can be identified as follows:

    a. **Inaccurate Account:**

- JPMCB Card account no. 414720XXXXXXXXXX opened on April 30, 2019. The JPMCB account was paid in full July 2025. Nevertheless, the JPMCB account is inaccurately reported on Plaintiff's credit report as a charge-off for the month of August 2025.

12. In or about July 2025, Plaintiff disputed the inaccurate and/or misleading reporting of the credit information listed above ("The Incorrect Experian Information") with Experian.

13. After the resolution of the dispute(s) regarding The Incorrect Experian Information, Defendant failed to remedy the Incorrect Experian Information.

## COUNT 1
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
(15 U.S.C. §1681s-2(b))

14. Plaintiff incorporates the allegations regarding Defendant in ¶¶ 1-13 of this Complaint.

15. Defendant violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street | Wilton Manors, FL 33305 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

16. Defendant further violated 15 U.S.C. § 1681s-2(b) by continuing to report the incorrect information within Plaintiff's credit files with the CRA by failing to fully and properly investigate the Plaintiff's dispute(s) of the incorrect information, failing to accurately respond to the CRA, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the incorrect reporting of the Plaintiff's credit file to the consumer reporting agencies.

17. Defendant's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, prays that this Honorable Court:

A. Enter Judgment in favor of Plaintiff against for all reasonable damages sustained by Plaintiff for Defendant's violations of the FCRA, applicable state law, and common law;

B. Find that the appropriate circumstances exist for an award of punitive damages to Plaintiff;

C. Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

D. Order that the Defendant works to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiff and/or any of Plaintiff's personal identifiers;

E. Grant such other and further relief, in law or equity, to which Plaintiff might show her is justly entitled.

Dated: December 30, 2025

/s/ Samuel J. Awad
**SAMUEL J. AWAD, ESQ.**
Florida Bar No.: 1058426
E-mail: samuel@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, Florida 33305
Phone: 754-444-7539

COUNSEL FOR PLAINTIFF